

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5896 | **DATE** | 2/19/2004 |
| **CASE TITLE** | Means vs. Leibach | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the attached memorandum opinion, the Court hereby denies the petitioner's petition for writ of habeas corpus. All pending dates and motions are hereby stricken as moot. Terminating case. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 27 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | MW6 | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES OF AMERICA ex rel.
LEONARD MEANS,

        Petitioner,

v.                            No. 00 C 5896

BLAIR T. LEIBACH,

        Respondent.

DOCKETED
FEB 2 0 2004

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Leonard Means ("Means") *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated below we deny the petition.

## BACKGROUND

Following a bench trial in state court Means was convicted of first degree murder and sentenced to 26 years imprisonment in state custody. Means appealed to the Illinois Appellate Court. The only issue he raised before the appellate court was whether his sentence was excessive because the trial court gave inadequate consideration to mitigating factors. On April 14, 1993, the Illinois Appellate Court, affirmed Means' conviction and sentence. On August 10, 1994 Means filed a *pro se* post-conviction petition, and subsequently an amended petition for

post-conviction relief alleging various instances of ineffective assistance of trial counsel. The trial court noted that the issues should have been raised on direct appeal, but addressed the allegations because Means contended that the issues were not presented on his direct appeal because of ineffective assistance of appellate counsel. Means' amended petition was dismissed on December 4, 1997. Means raised the same issue on appeal. On March 31, 2000 the Appellate Court found no merit in his claim of ineffective trial counsel, and therefore no merit in his claim of ineffective appellate counsel. Means filed a petition for leave to appeal, raising the same issues. On July 5, 2000, the Illinois Supreme Court denied his petition.

Means filed the instant petition for habeas corpus relief under Section 2254 of Title 28 of the United States Code on October 31, 2000. He raises four issues for this Court's review: 1) whether he received ineffective assistance of counsel from his trial counsel, 2) whether he was denied effective assistance of counsel on direct appeal because his appellate counsel failed to raise the issue of his trial counsel's effectiveness, 3) whether Means was denied due process when evidence was introduced unlawfully, and 4) whether he was denied due process because the evidence introduced at trial was insufficient to support a conviction for first degree murder.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 2254 a federal court may entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution of law or treaties of the United States." 28 U.S.C. § 2254(a). If a petitioner seeks to challenge a state court decision under 28 U.S.C. § 2254, a writ of habeas corpus is proper only if the challenged state court decision:

2

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Hammer v. Karlen*, 342 F.3d 807, 810 (7th Cir. 2003).

## DISCUSSION

### I. Procedural Default

A habeas petitioner may not turn to the federal courts "without first giving the state courts a fair opportunity to address his claims and to correct any error of constitutional magnitude." *Wilson v. Briley*, 343 F.3d 325, 327 (7th Cir. 2001). Federal claims that are not fairly presented in state courts will be procedurally defaulted and will not be entitled to federal habeas relief. *Rodriguez v. Peters*, 63 F.3d 546, 555 (7th Cir. 1995). Procedural default occurs when "a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th Cir. 1992).

#### A. Inadequate Assistance of Counsel Claims

Means raises four issues before this court to obtain a writ of habeas corpus. The first two issues will be discussed first. After Means was convicted he raised only one issue on direct appeal: Whether his sentence was excessive because the trial court gave inadequate consideration to mitigating factors. On the subsequent post conviction petition Means did raise the issues of ineffectiveness of trial and appellate counsel, his first and second issues raised in this habeas

3

petition. In Illinois, a defendant who neglects to raise a claim of inadequate representation of trial counsel on direct appeal may not later assert that claim in a petition for post-conviction relief. *U.S. ex. rel. Devine v. DeRobertis*, 754 F.2d 764, 766 (7th Cir. 1985); *People v. Killion*, 395 N.E.2d 678, 680 (Ill. App. Ct. 1979). The ineffective assistance of trial counsel claim is deemed waived if not present on direct appeal. *Id.* In the instant case, Means' ineffectiveness of trial counsel claim could have been raised on direct appeal, but was not. Therefore this claim is procedurally defaulted and not properly before this court. Means' claim regarding ineffective assistance of appellate counsel was raised on his claim for post-conviction relief and thus that claim has not been waived and is properly before this court.

### B. Due Process Claims

Means' third and forth claims regarding denial of due process are procedurally defaulted. These issues were never presented to the Illinois Appellate Court on direct appeal, the Illinois Supreme Court, and they were not included in the petition for post-conviction relief. The only issues raised in the post-conviction petition were regarding ineffectiveness of counsel. These claims could have been brought to the state court, but since they were not, they are procedurally defaulted, and not properly before this court.

## II. Exceptions to Procedural Default

A claim will not be procedurally defaulted if the petitioner establishes "cause and prejudice for h[is] failure to exhaust his claims, or if a failure to review them on these procedural grounds would result in a fundamental miscarriage of justice." *Howard v. O'Sullivan* 185 F.3d

4

721, 726 (7th Cir. 1999). In those "extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime," the procedural default will be excused. *Rodriguez*, 63 F.3d at 555. The procedural defaults in the instant case do not fall into this extraordinary category. Given the strength of the evidence, there is no reason to believe that Means is innocent of the crime for which he was convicted. He has failed to show that the ineffectiveness of trial counsel fell below an objective standard of reasonableness, and that counsel's deficient performance prejudiced him. Also, Means provides no explanation for the procedural default of his alleged due process claims. There is no showing that failure to review these claims would result in a fundamental miscarriage of justice and therefore the exception to the procedural default is not applicable in this instance.

### III. Ineffective Assistance of Appellate Counsel Claim

The only issue properly before this court, is whether he received ineffective assistance by his appellate counsel. Means claims he was denied effective assistance of counsel on direct appeal when his appellate counsel failed to raise the issue of ineffective assistance of his trial counsel. In his habeas petition Means merely states in a conclusory fashion that "he was denied effective assistance of counsel on direct appeal, when his appellate counsel failed to raise the issue of trial counsel [sic.] ineffectiveness . . . ." Means does not specifically state in his petition what were the alleged deficiencies in his trial counsel's representation that his appellate counsel should have raised. Means failed to provide sufficient detail in his petition to support his claim of ineffective assistance of counsel on appeal. *United States v. Martinez*, 169 F.3d 1049, 1053 (7th Cir. 1999)(stating that a court is not required to address a petitioner's ineffective assistance of

5

counsel arguments "which are undeveloped."). Therefore, we deny the petition for writ of habeas corpus.

We note that even if Means had alleged in his habeas petition that his trial counsel's representation was defective for the same reasons listed in his post-conviction petition, his habeas petition would be denied. In his post-conviction petition Means argued that his trial counsel was ineffective because of his failure to: 1) move to dismiss the indictment because of false testimony presented to the grand jury, 2) object to the government's closing argument when the government attempted to shift the burden of proof to Means, 3) argue accountability of the State's witnesses, 4) ascertain whether the State's witnesses were expecting leniency, 5) introduce records establishing that there was no telephone call from the Bordens to the petitioner, 6) point out material inconsistencies in Eric Ingram's testimony, 7) locate and call a defense witness, 8) subpoena David Johnson, 9) introduce evidence to prove that Means' fingerprints were not found on the murder weapon, 10) properly examine Means on the witness stand, and 11) object to calling one of the prosecutors as a witness.

In order to prevail on an ineffective assistance of counsel claim a petitioner must demonstrate that his counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). A reviewing court considering an ineffective assistance of counsel claim should be "highly deferential" to the attorney's judgment and should avoid the temptation to "second-guess" the attorney. *Id* at 689. The reviewing court should try to "evaluate the conduct from counsel's perspective at the time" in question and thus avoid the "distorting effects of hindsight." *Id.* A reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional

assistance . . ." and thus should avoid questioning decisions that involve issues such as trial strategy. *Id.* Counsel can make a "reasonable decision that particular investigations are unnecessary . . . and need not investigate every evidentiary possibility before choosing a defense." *Rutledge v. United States*, 230 F.3d 1041, 1050 (7th Cir. 2000). An appellate counsel is not required to pursue every conceivable issue on appeal. *Barrow v. McAdory*, 2003 WL 21920258, at *27 (N.D. Ill. 2003)(citing *Howard v. Gramley*, 225 F.3d 784, 791 (7th Cir.2000) for the proposition that "appellate lawyers are clearly not incompetent when they refuse to follow a 'kitchen sink' approach to the issues on appeals").

In order to succeed on an ineffectiveness of assistance of counsel claim, in addition to showing that the representation was defective, a petitioner must also show that he was prejudiced because the "error had [an] effect on the judgment." *Strickland*, 466 U.S. at 691-92. Each and every adverse consequence resulting from counsel's decisions is not deemed to be prejudicial "for constitutional purposes." *United States v. Springs*, 988 F.2d 746, 749 (7th Cir. 1993).

Means has not shown that any of the eleven alleged deficiencies brought his trial counsel's representation beyond the spectrum of objectively reasonable representation. Some of the alleged failures clearly fell within his trial counsel's discretion to choose a trial strategy and it was within the professional discretion of his trial counsel to decided not to present all the arguments and objections now sought by Means. His trial counsel could have reasonably opted to "pick his battles" and limit his arguments and his objections accordingly to focus Means' defense. To the extent that another counsel may have chosen to make some of the challenges suggested by Means, Means has not shown that his trial counsel's decision to do otherwise was not within the spectrum of objectively reasonable representation. Nor has Means shown that he was sufficiently

7

prejudiced by any of the alleged deficiencies. Thus, since Means has not shown that he recevied inadequate assistance by his trial counsel, he has not shown that his appellate counsel erred by neglecting to argue ineffective assistance of his trial counsel on appeal.

## CONCLUSION

Therefore, based on the foregoing analysis we deny the petition for writ of habeas corpus.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: February 19, 2004